## Commonwealth *v.* Jordan, Appellant.

Argued September 9, 1969. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and CERCONE, JJ.

*Jon P. Axelrod*, Assistant Defender, with him *Melvin Dildine*, Assistant Defender, and *Vincent J. Ziccardi*, Acting Defender, for appellant.

*James D. Crawford*, Assistant District Attorney, with him *Richard A. Sprague*, First Assistant District Attorney, and *Arlen Specter*, District Attorney, for Commonwealth, appellee.

OPINION BY CERCONE, J., November 13, 1969:

Defendant Frederick Jordan was charged with assault and battery on complaint of his common law wife and at trial, with his counsel present, he pleaded not guilty to the charge. The defendant asked for a jury trial and then changed his mind and advised the trial court he wished to proceed nonjury. The case proceeded nonjury and the court found defendant guilty of the charges and deferred sentence pending motions for a new trial and in arrest of judgment which were subsequently denied. Defendant was placed on two years probation and this appeal followed. The question before us is the posture of defendant's decision to have his case tried nonjury which compels us to consider the circumstances in which his decision to proceed nonjury was made. In effect, defendant claims he was coerced in waiving his right to a jury trial because the trial judge allegedly was obviously dissatis-

fied and upset with the decision of those persons accused of minor offenses to be tried by jury. The record reveals the following colloquy between the court and defendant and his counsel: "MISS WILSON: If your Honor pleases, the Commonwealth moves for trial on Bill No. 193 of August Sessions, 1968, charging the defendant, Frederick Jordan, with assault and battery. THE COURT: Very well. (Defendant arraigned at the bar of the Court, pleaded not guilty.) THE DEFENDANT: I plead not guilty and I ask for a jury trial. THE COURT: Well, we will give him a jury trial. I am going to commit all of these people to prison until we try them, one by one. All of these people who want jury trials will stay here, and you see them in prison and prepare their cases. We will try them one by one. Get a jury down here now for this assault and battery case, and let us select them. MR. AXELROD: (Defendant's counsel) Your Honor, this was not my decision. THE COURT: I didn't say it was your decision. Get a jury down here, and when you are ready I will be ready. (A discussion was held off the record.) MR. AXELROD: Your Honor, this will be a waiver. THE COURT: What did you say? MR. AXELROD: I said it would be a waiver. I have discussed it with the defendant, and he has told me he has changed his mind. THE COURT: Let the defendant stand up here. Mr. Jordan, when you were arraigned and entered a plea of not guilty you said you wanted a jury trial. THE DEFENDANT: Yes, I asked for a jury trial. THE COURT: I am now informed by your lawyer, Mr. Axelrod, that you want to waive a jury trial. You apparently know the difference between the two, do you not? THE DEFENDANT: Yes, I do. THE COURT: And has anyone forced you to waive a jury trial? THE DEFENDANT: No. My decision. Why I'm waiving is because there's so much discrepancy. I requested at the bail hearing a jury trial. Now I'm here, and it's not my fault that it's not in the record.

So I requested a jury trial, and everybody seems to be mad. at me because I requested it. THE COURT: It is possible that you did. THE DEFENDANT: Honestly, I did. THE COURT: In any event, it is your desire now to have the Judge sit as a jury, listen to the evidence, and decide whether you are innocent or guilty; is that right? THE DEFENDANT: It's all right with me. THE COURT: Very well. How old are you? THE DEFENDANT: Thirty years old. THE COURT: How far in school did you go? THE DEFENDANT: Eleventh grade. THE COURT: Here in Philadelphia? THE DEFENDANT: Yes. THE COURT: So you understand the spoken word, and it is your own desire to waive a jury trial; is that right? THE DEFENDANT: Yes. THE COURT: I will accept the waiver."

After having accepted the waiver of a jury trial, the court proceeded to hear the evidence and, as already stated, found the defendant guilty of assault and battery on his common law wife. He then gave the defendant seven days in which to file his motions for a new trial or in arrest of judgment. The discussion between the court and the defendant relative to this matter is enlightening on the issue now before us and is as follows: "THE COURT: . . . do you understand what I have just said to you about the seven days within which you have a right to file these motions? Do you understand that? THE DEFENDANT: Seven days— THE COURT: Do you understand that? THE DEFENDANT: Wait a minute. I'm so mixed up, I'm trying to get it together. You say I have a right to file— THE COURT: You have a right to have seven days within which you will file either a motion in arrest of Judgment or for a new trial. Do you understand that? THE DEFENDANT: Yes. I'm kind of mixed up again. That depends on what the sentence is, or— THE COURT: No. before I sentence. Before I can pass sentence. You have been convicted by the Court, sitting

without a jury, of assault and battery. Now, you have seven days before I can pass sentence, if you want to take those seven days, or you can give up the right to those seven days and I can sentence you now. I will do that only if you understand what I'm talking about. THE DEFENDANT: Well, you mean would I be locked up for those seven days, your Honor? THE COURT: Are you on bail? THE DEFENDANT: Yes, I'm on bail. THE COURT: You will remain on bail. THE DEFENDANT: O'kay, I'll take the seven days. (A discussion was held off the record.) THE COURT: I think we will give him the seven days. Meanwhile, I want a presentence investigation of Mr. Frederick Jordan. I will permit you to remain at liberty. THE DEFENDANT: Pardon me, I don't have any help. My attorney is advising me—he is taking me round in circles. I don't know where I'm going. THE COURT: I think you know more than he does, don't you? THE DEFENDANT: What do I do in the seven days? THE COURT: You know more than he does, don't you? THE DEFENDANT: I'm trying to, but everybody—first of all, why I waived the jury trial was because I was scared, because everybody was angry at me, and I requested it at the hearing. I have the warrant; the warrant was a month old. THE COURT: Are you trying to say now you want a jury trial? THE DEFENDANT: No. I'll just take the seven days. THE COURT: That is what you said at first. Then you said you knew your rights, and of course the Court would give you your rights, and then you changed your mind when I went into the chambers waiting for the jury. THE DEFENDANT: He advised me. THE COURT: Your lawyer is at fault now? The Court hears that many times—'The attorney was incompetent; he didn't know what he was doing; I was railroaded.' You will have seven days within which you have leave to file motions for a new trial and in arrest of judgment, since that is what you seem to

want to do. You will have the motions filed one week from today. Meanwhile, I want a presentence investigation. You will be notified when to appear for the argument of your motions for a new trial and in arrest of judgment, and if they are dismissed you will be sentenced on that day. SENTENCE DEFERRED".

We find it unnecessary to pass upon the question of the propriety of the Judge's remarks, as it is evident that the accused was not intimidated by them. The defendant continued to demand a jury trial, as he had a right to do, and the judge did not incarcerate him for requesting a jury trial. Instead, he ordered that a jury be selected forthwith so that the accused's trial could commence immediately. At this point, the judge's threat ceased to have any effect and had the accused not changed his mind, the trial would have proceeded before a jury. Even after the trial, the accused, as can be seen from a reading of the quoted excerpt, affirmed that it was not his desire to have a jury trial. If defendant was influenced by the judge's attitude and the attitude of his counsel when he changed his mind and decided to go nonjury because he felt that they were all "mad" at him for wanting a jury trial, such influence in our opinion does not constitute coercion vitiating his waiver of a right to jury trial he knew he could insist upon and which was immediately made available to him by the court.

Judgment affirmed.

HOFFMAN, J., dissents.