411 A.2d 250

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**Stephen E. DAVIS.**

Superior Court of Pennsylvania.

Argued June 4, 1979.

Filed Sept. 28, 1979.

Guy A. Messick, Assistant District Attorney, Media, for Commonwealth, appellant.

Robert F. Pappano, Assistant Public Defender, Media, for appellee.

Before PRICE, GATES * and DOWLING,* JJ.

* President Judge G. THOMAS GATES of the Court of Common Pleas of Lebanon County, Pennsylvania, and Judge JOHN C. DOWLING of the Court of Common Pleas of Dauphin County, Pennsylvania, are sitting by designation.

204

DOWLING, Judge:

■ This appeal by the Commonwealth[1] is taken from an Order of the court below suppressing evidence seized in the warrantless search of appellee's automobile. For the reasons that follow, we affirm.

Police had been involved in a month-long investigation of the defendant, when suddenly, in response to a phone call from the informant who had fueled the inquiry from the start, they conducted a warrantless search of his car, discovering drugs hidden under the hood. The hearing judge held that the failure to have procured a warrant rendered the search invalid, unless the Commonwealth could prove the existence of exigent circumstances. To prove such, the court required a showing of unforeseen probable cause occurring shortly before the opportunity for search, and held the Commonwealth had failed to meet the burden.

On appeal, the Commonwealth contends that the failure to obtain a warrant does not prejudice its right to conduct a search in response to an urgent situation requiring prompt police action. The appellant is correct, as far as his argument goes, but the record fails to support a finding of pressing circumstances at the time probable cause to search arose. The crucial determination here is that probable cause arose not at the time of the police stake-out of appellee's car, but at the time they received the informant's phone call earlier in the day. The Commonwealth simply presented no evidence concerning why it was not feasible for the authorities to have obtained a warrant between the time of the call and the time of the stake-out.

We agree with appellant that its decision to by-pass the judicial process during the month long investigation of appellee antecedent to the day of the search did not prejudice its right to proceed without a warrant under properly exi-

1. The appeal is properly brought by the Commonwealth because the question involved is purely one of law, and the suppression order results in the effective termination of the prosecution. *Commonwealth v. Kunkel*, 254 Pa.Super. 5, 385 A.2d 496 (1978); *Commonwealth v. Bosurgi*, 411 Pa. 56, 190 A.2d 304 (1963).

gent circumstances. However, we find ourselves in accord with the lower court that the appellant failed to sustain its burden of proving that such an emergency existed at the time the search was conducted.

While appellant states in its brief that ". . . a search warrant could not have been secured after receiving the information from the informant on the date of the search due to the exigencies of the situation", there is no evidence in the record supporting this bald assertion. The police testified a call was received from the informant on the day of the search disclosing the itinerary of appellee for that day. Neither the time of the call from the informant nor the time of appellee's intended rendezvous later that day were brought out at the hearing. The time of the call is critical because that is when probable cause to search appellee's car arose. The time of appellee's rendezvous is important because that is when the police had the opportunity to conduct the search. Without knowing the differential between the time the police received the informant's telephone message and the time of the subsequent stakeout, we are unable to find that the warrantless search was predicated on unforeseen probable cause arising shortly before the opportunity to search, as required under the exigent circumstances rule. *Commonwealth v. Maione*, 227 Pa.Super. 239, 324 A.2d 556 (1974).

Because the Commonwealth has failed to produce clear and convincing evidence that the probable cause generated by the informant's call required immediate police action necessarily preclusive of the warrant procedure, we are compelled to hold that the search of appellee's car was unreasonable under the Fourth Amendment.

Our holding today is consistent with the recent decision of this court in *Commonwealth v. Berman*, 262 Pa.Super. 410, 396 A.2d 1237 (1978), which involved a warrantless search of the defendant's car prompted by his attempt to flee from the scene of a pre-arranged drug sale to a police undercover agent. Probable cause to search the defendant's car arose from a combination of the officer's observation of the use of

the vehicle for delivery of the drugs, and the informant's statement immediately before the search that the remainder of the drugs were in the car then being driven away by the defendant. Under these facts, the court concluded that probable cause arose in an unforeseen way shortly before the opportunity for search, pursuant to the rule of *Commonwealth v. Maione*, supra. By way of contrast, the search which occurred in the present case involved no unanticipated or unplanned for contingencies.

Our ruling is not founded upon a hyper-technical application of formalistic requirements of the law. As the court stated in *McDonald v. U. S.*, 335 U.S. 541, 69 S.Ct. 191, 93 L.Ed. 153:

The presence of a search warrant serves high function. Absent some grave emergency, the Fourth Amendment has interposed a magistrate between the citizens and the police. This was done not to shield criminals nor to make the home a safe haven for illegal activities. It was done so that an objective mind might weigh the need to invade that privacy in order to enforce the law. . . . we cannot be true to that constitutional requirement and excuse the absence of a search warrant without a showing by those who seek exception from the constitutional mandate that the exigencies of the situation made that course imperative.

Accordingly, we hold that while the reasonableness of a warrantless search and seizure is not necessarily precluded by the failure to obtain a warrant at the earliest practicable moment, in order to justify bypassing the warrant procedure, the Commonwealth must present clear and convincing evidence that the circumstances surrounding the opportunity to search were truly exigent, as defined in *Commonwealth v. Maione*, supra, and that the exigency was in no way attributable to the decision by the police to forego seeking a warrant.

Order affirmed.