520 A.2d 491

**COMMONWEALTH of Pennsylvania**

v.

**Timothy Scott REESE, Appellant.**

Superior Court of Pennsylvania.

Argued Sept. 16, 1986.

Filed Jan. 29, 1987.

Frank W. Nocito, Wilkes-Barre, for appellant.

Before CIRILLO, President Judge, MONTEMURO and JOHNSON, JJ.

MONTEMURO, Judge:

This is an appeal from judgment of sentence entered following appellant's jury conviction for possession of a prohibited offensive weapon, specifically a device commonly referred to as brass knuckles.[1]

Appellant has presented us with six issues. In view of our disposition of the first of these, we need not address the others.[2]

Appellant contends that the weapon he stands convicted of possessing was illegally seized and should have been suppressed. The knuckles were obtained by police while executing a search warrant of an apartment belonging to one Tina Cosgrove, an associate of appellant's.

The warrant, which had been issued pursuant to police information that Cosgrove was involved in drug sales from the apartment, listed as its objectives controlled substances, drug paraphernalia and records relating to sales. At the time of the search, appellant was a visitor to the apartment, and although named in the affidavit of probable cause, was not mentioned as a target of the search.

When police entered the premises, appellant and Cosgrove were in the kitchen. On the back of a chair some 4 feet from where appellant stood was draped a black leather jacket. Without first ascertaining its ownership, police reached into the pockets, discovering the knuckles. Appellant, upon inquiry, acknowledged possession of the jacket and was placed under arrest.

There is no question but that a "search warrant issued for the premises or effects of a particular person cannot be

1. 18 Pa.C.S.A. § 908.
2. Appellant also assigns error to the court's denial of his sequestration motion, of his motion in limine and of certain requested points for charge. He objects as well to certain of the jury instructions.

extended by police officers to include a search of things not belonging to or under the control of that person." *Commonwealth v. Zock,* 308 Pa.Super. 89, 95, 454 A.2d 35, 38 (1983).

The trial court based its determination as to the admissibility of the knuckles on a finding that because the jacket was not identified prior to the search, the police had "every right to assume it was within the scope of the warrant and to search it to determine whether it contained any contraband." (Trial Court Opinion at 4). In support, *Commonwealth v. Wheatley,* 266 Pa.Super. 1, 402 A.2d 1047 (1979), and *Commonwealth v. Sellers,* 236 Pa.Super. 191, 344 A.2d 689 (1975), are cited. *Wheatley* involved a factual pattern virtually identical to the one before us, but with one crucial variant—the appellant in *Wheatley* was a known resident of the searched premises. This is sufficient under the law to render it inapposite authority. *Commonwealth v. Platou,* 455 Pa. 258, 312 A.2d 29 (1973). In *Sellers* this court held that officers serving a warrant are obligated "to inspect areas and objects which [are] apparently part of the premises covered by the warrant and under the control of [the occupant]." *Id.,* 236 Pa.Superior Ct. at 195, 344 A.2d at 691. The question was whether a woman found nude in a bed in the house to be searched was a casual visitor so as to render her belongings immune from search. We concluded that because the woman's clothing was in the bedroom and because she received mail at that address, her presence in the house was more than fortuitous. The divergence from the case at bar is obvious, and the distinctions disqualify *Sellers* as applicable precedent.

In *Commonwealth v. Eichelberger,* 352 Pa.Super. 507, 508 A.2d 589 (1986), this court, albeit in a different context, reiterated Mr. Justice Stewart's observation in *Coolidge v. New Hampshire,* 403 U.S. 443, 474, 91 S.Ct. 2022, 2042, 29 L.Ed.2d 564 (1971), that "once a line has been drawn which establishes the reasonableness of a police intrusion, 'there is often not a great deal of difference between the situations closest to it on either side' ". *Eichelberger,* 352 Pa.Superior Ct. at 515, 508 A.2d 594.

350

In this instance the minutiae of the circumstances surrounding examination of the jacket all argue the conclusion that it belonged not to *Cosgrove*, but to appellant, and could not have been "logically determined ... [to be] part of the general contents of the room." *Zock, supra*, 308 Pa.Superior Ct. at 95, 454 A.2d 38. Specifically, we note that appellant not Cosgrove was asked about ownership of the jacket. It seems clear from the record that police anticipated its belonging not to the apartment and its residents, Cosgrove and her three children, but to appellant, of whose status they were already aware, viz. the affidavit.

The facts of this case place it on the wrong side of Justice Stewart's line. Accordingly, we vacate the judgment of sentence.