565 A.2d 468

**COMMONWEALTH of Pennsylvania**

v.

**Anne MARKOVITCH, Appellant.**

Superior Court of Pennsylvania.

Submitted June 27, 1989.

Filed Oct. 25, 1989.

A. Charles Peruto, Sr., Philadelphia, for appellant.

Donna G. Zucker, Asst. Dist. Atty., Philadelphia, for the Com., appellee.

Before DEL SOLE, TAMILIA and CERCONE, JJ.

CERCONE, Judge.

This is an appeal from the judgment of sentence. After a hearing, appellant, Anne Markovitch's motion to suppress evidence and non-verbal statement was denied by a suppression court. Appellant was found guilty by a jury of crimi-

nal conspiracy,[1] manufacture, delivery or possession with intent to manufacture or deliver a controlled substance [2] and possession of drug paraphernalia.[3] Post-verdict motions were inadvertently filed late by trial counsel. Trial counsel then filed a petition for leave to file a motion for new trial and in arrest of judgment *nunc pro tunc.* After a hearing, the lower court considered the post-verdict motions and denied them on the merits. Appellant was then sentenced to serve an eleven and one-half (11½) to twenty-three (23) month sentence of imprisonment. A notice of appeal was timely filed by appellate counsel. We affirm.

On appeal, appellant raises three issues for our review: (1) whether trial counsel was ineffective for failing to file timely post-verdict motions; (2) whether the lower court erred in denying the pretrial motion for suppression of evidence; and (3) whether there was insufficient evidence to support the verdicts of guilty. The lower court made findings of fact which are summarized as follows. On May 19, 1987, Philadelphia Narcotics Officer Rosemary Giordano obtained a search warrant pursuant to information she had obtained from an informant. The warrant authorized the search of 3027 Lee Street and the seizure of controlled substances, any devices used in weighing and packaging, and any documents or records reflecting narcotics sales, proceeds from illegal sales and proof of residency. Pursuant to the warrant, seven policemen went to 3027 Lee Street. Two of the officers went to the rear alley behind the house while the rest of the officers, including Officer Giordano and Sergeant William Perkis, went onto the front porch of the house. Officer Giordano knocked on the front door and identified themselves as police and announced that they had a warrant. There was no response. Sergeant Perkis felt vibrations of someone moving about in the house and looked through the front window. He observed four persons, including appellant come from the direction of the

1. 18 Pa. C.S.A. § 903.
2. 35 P.S. § 780–113(a)(30).
3. *Id.* § 780–113(a)(32).

basement door and run towards the back door of the house. Both the basement door and the back door were located in the kitchen.

Sergeant Perkis advised that persons were going out the back door and directed that force be used to open the front door. Sergeant Perkis entered through the window and the others entered the front door after using force to open it. Led by Sergeant Perkis, the officers went through the house into the kitchen. Appellant was detained by Sergeant Perkis and Officer Giordano on the steps leading from the house down into the yard. Four others were detained in the yard by the other officers.

Sergeant Perkis returned to the kitchen and proceeded to the basement of the premises to determine if there were any other persons present. He found an octagonal, glass-top table in the basement with chairs around it, and three jackets around several of the chairs. On the table were various drugs and drug paraphernalia. The table was being used to cut and package what appeared to be cocaine. After observing this scene, Sergeant Perkis immediately returned to the yard, announced what he had found and directed that all the detainees be placed under arrest. He then informed the prisoners of their *Miranda* rights. All five of the prisoners were then brought back into the house.

Officer Giordano searched appellant and found a zip-lock bag containing $1/16$ to $1/8$ of an ounce of a white, chunky substance, believed to be cocaine in appellant's bra. Appellant was wearing a shirt and blue jeans. Before removing her from the house for transportation to the Narcotics Unit, Officer Giordano went into the basement and retrieved a woman's black leather jacket from one of the chairs around the cutting table. She handed the jacket to appellant, who put it on.

Appellant's first contention is that her trial counsel was ineffective for failing to timely file post-verdict motions. In her brief, appellant argues that the record reflects no Order granting leave to file the post verdict

motions *nunc pro tunc.* Initially, we note that although there is no order in the record, at the hearing on the post-verdict motions the lower court indicated that it would accept the untimely filed motions and consider them on the merits. The lower court's opinion further reveals that these motions were considered on the merits. Although this argument was not raised in written post-verdict motions, it is clear that the issue was considered and ruled upon by the lower court. Thus, the claim is not waived for failure to include it in written post-verdict motions. *See Commonwealth v. Hewett,* 380 Pa.Super. 334, 551 A.2d 1080 (1988) (wherein we held that it was improper to deem an issue waived for alleged failure to preserve it for review when the trial court elected to address the issue on its merits).[4]

An alternate resolution to appellant's first contention is to recognize that she was represented by new counsel on appeal. The issue of ineffectiveness is properly preserved for our review at this juncture since it is the first opportunity when counsel whose effectiveness is being challenged no longer represents appellant. *See Commonwealth v. Nauman,* 345 Pa.Super. 457, 459 n. 3, 498 A.2d 913, 914 n. 3 (1985) (averments of ineffective assistance of trial counsel are properly made on appeal where that is the first instance in which the appellant is represented by counsel other than trial counsel).

Under either explanation, the issue is properly preserved for our review. There is no merit to appellant's contention,

---

**4.** We are cognizant that a recent plurality opinion of our supreme court held that:

> [T]he trial court chose to ignore the untimely filing of the appellant's post-trial motions and addressed the merits of her alleged errors. Since such consideration was permitted under [Pa.R.C.P. 126] and did not affect the trial court's jurisdiction, the Superior Court erred in not reviewing the merits of the appeal.

*Kurtas v. Kurtas,* 521 Pa. 105, 109, 555 A.2d 804, 806 (1989). We will not rely on this decision since it is a plurality. *See Commonwealth v. Bracero,* 325 Pa.Super. 494, 473 A.2d 176 (1984) appeal granted 512 Pa. 191, 516 A.2d 338 (1986), affirmed 515 Pa. 355, 528 A.2d 936 (1987) (wherein we held that plurality opinions do not have precedential authority).

and in addition she has failed to show any prejudice as a result of trial counsel's action. *See Commonwealth v. Tavares*, 382 Pa.Super. 317, 321, 555 A.2d 199, 201 (1989) (*citing Commonwealth v. Pierce*, 515 Pa. 153, 527 A.2d 973 (1987)) (wherein we held that to establish a claim of ineffectiveness of counsel a showing must be made of, *inter alia*, how counsel's choice of action prejudiced the client). Under these circumstances, trial counsel's failure to timely file post-verdict motions did not amount to ineffective assistance.

■ Appellant's second contention is that the lower court erred in denying the pretrial motion for suppression of evidence. It is the province of the suppression court to make findings of fact and conclusions of law as to whether evidence was obtained in violation of an accused's constitutional rights. *Commonwealth v. Tuck*, 322 Pa.Super. 328, 469 A.2d 644 (1983). When reviewing a suppression claim, we are bound by the facts found in the record and in determining the matter, we consider only the evidence of the prosecution's witnesses and may reverse the suppression court only if the legal conclusions drawn from those facts are in error. *Commonwealth v. Cauto*, 369 Pa.Super. 381, 535 A.2d 602 (1987). *Also see Commonwealth v. Hughes*, 521 Pa. 423, 555 A.2d 1264 (1989).

The Fourth Amendment to the United States Constitution protects "[t]he right of the people to be secure in their persons, houses, papers and effects against unreasonable searches and seizures." U.S. Const. amend. IV; Pa. Const. art. 1, § 8. Warrantless searches are, "subject only to a few specifically established and well-delineated exceptions," *per se* unreasonable and are therefore prohibited by the Fourth Amendment. *Katz v. United States*, 389 U.S. 347, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967) (Harlan, J., concurring). One of the exceptions is that the police may, without a warrant, conduct a search incident to a lawful arrest to prevent destruction of evidence. *Commonwealth v. Zock*, 308 Pa.Super. 89, 454 A.2d 35 (1982).

We will examine appellant's arguments in a chronological order. First, in an attempt to claim that she was an innocent bystander, appellant refers to her own testimony that she was just sitting at the kitchen table when police executed the warrant. We note that it is within the province of the trier of fact sitting without a jury to pass upon the credibility of witnesses and the weight to be accorded to the evidence produced. *Commonwealth v. Jackson*, 506 Pa. 469, 485 A.2d 1102 (1984). The lower court sitting without a jury is free to believe all, part or none of a witness' testimony in determining the weight to be accorded it. *Id.* A court reviewing a conviction may not substitute its judgment for that of a trial judge sitting as the fact finder. *Id.* Considering this standard of review in addition to the constraints associated with reviewing a suppression court hearing as outlined above, we will not question the suppression court's apparent decision not to find appellant's testimony credible.

■ Second, appellant complains that she was under arrest as soon as the police detained her on the steps leading from the house to the back yard and that this "arrest" was without probable cause. We find no merit to this contention since police during the execution of a search warrant may properly detain persons found on the premises to minimize the risk of harm to the officers and to prevent efforts to conceal or destroy evidence. *Commonwealth v. Carr*, 334 Pa.Super. 459, 483 A.2d 542 (1984). This temporary detention is not an arrest. *See Commonwealth v. Lagana*, 517 Pa. 371, 537 A.2d 1351 (1988) (wherein our supreme court held that a temporary detention does not become an arrest when police take no action indicating an intention to take the person into custody beyond the actions necessary to conduct the detention). In the instant case, appellant was merely detained while Sergeant Perkis returned to the house and found the drugs and drug paraphernalia in the basement. She was not placed under arrest until after this discovery.

■ Finally, appellant argues that there was no probable cause to believe that she was connected to the drugs found in the basement. Contrary to this assertion, the record is replete with connections. First, appellant was found on the premises where there was a vast quantity of cocaine and drug paraphernalia in open view. Second, Sergeant Perkis saw appellant coming from the basement where the drugs were later found. Third, the chairs, the woman's jacket, the knocked-over drinks and the interrupted appearance of the cocaine packaging operation gave ample reason to believe that appellant was sitting with the others packaging cocaine until the police arrived. Finally, appellant was stopped as she was attempting to flee after the officers knocked and announced. The combination of all of these factors constitutes probable case to arrest appellant in connection with the drugs found in the basement. *See Commonwealth v. Derrick*, 322 Pa.Super. 517, 469 A.2d 1111 (1983) (wherein we held that flight with companions, plus discarding of contraband by one companion, established probable cause); *Commonwealth v. Mitchell*, 222 Pa.Super. 335, 295 A.2d 90 (1972) (en banc) (wherein we held that flight with companions during police investigation, plus contraband in plain sight in car from which accused fled, established probable cause). For all of the above reasons, we find that the suppression court did not err in denying appellant's pretrial motion for suppression.

The final issue appellant raises is that there was insufficient evidence to support the verdicts of guilty. The standard by which we review a challenge to the sufficiency of the evidence is well established. The evidence must be viewed in the light most favorable to the Commonwealth as the verdict winner, and drawing all proper inferences favorable to the Commonwealth, determine if the jury could reasonably have concluded that all of the elements of the crime were established beyond a reasonable doubt. *Commonwealth v. Edwards*, 521 Pa. 134, 555 A.2d 818 (1989). In *Commonwealth v. Murdrick*, 510 Pa. 305, 507 A.2d 1212 (1986), our supreme court further stated that: "When re-

viewing the sufficiency of the evidence, an appellate court may not substitute its judgment for the jury's." *Id.* 510 Pa. at 307–08, 507 A.2d at 1213 (*quoting Commonwealth v. Bachert,* 499 Pa. 398, 453 A.2d 931 (1982) cert. denied 460 U.S. 1043, 103 S.Ct. 1440, 75 L.Ed.2d 797 (1983)). As more thoroughly discussed above, the facts of this case make it reasonable that a jury could determine that the appellant had constructive possession of the drugs and drug paraphernalia found in the basement. Constrained by our narrow scope of review, we find that the lower court did not err in denying appellant's post-trial motions.

Judgment of sentence affirmed.