611 A.2d 305

**COMMONWEALTH of Pennsylvania**

v.

**Pedro RODRIGUEZ, a/k/a Pedro Berrios, Appellant.**

Superior Court of Pennsylvania.

Submitted June 8, 1992.

Filed July 31, 1992.

Joel P. Trigiani, Philadelphia, for appellant.

Kathy L. Echternach, Asst. Dist. Atty., Philadelphia, for Com., appellee.

Before CIRILLO, FORD ELLIOTT and BROSKY, JJ.

CIRILLO, Judge.

This is an appeal from a judgment of sentence entered in the Court of Common Pleas of Philadelphia County. We reverse.

On September 19, 1990, Pedro Rodriguez was convicted at a bench trial of possession with intent to deliver a controlled substance (cocaine). After Rodriguez's post-trial motions were denied, he was sentenced to a minimum of four years and a maximum of eight years of incarceration, to be followed by two years of probation. This timely appeal followed.

In October of 1988, Rodriguez was arrested and charged with possession and possession with intent to deliver cocaine. Pending trial Rodriguez was released on bail. Rodriguez appeared as required on four prospective trial dates; however, each time the proceedings were continued to a later date.[1] On March 13, 1990, Rodriguez entered a jury demand. Six months later, following additional continuances necessitated by the defense, the matter was assigned to the Honorable Pamela Pryor Cohen for trial. Unknown to Rodriguez, the case was listed as a non-jury trial.

[1.] All of the continuances were granted with just cause and were occasioned primarily by defense counsel's busy trial schedule.

On the date designated for trial, Judge Cohen gave Rodriguez a full jury waiver colloquy. At the conclusion of the colloquy, the following exchange occurred:

COURT: Do you understand?

RODRIGUEZ: Yes, I understand.

COURT: Very good. Unless you have any more questions, then we will ask you if you are ready to waive the jury

RODRIGUEZ: I'd like to speak with my attorney.

COURT: Very Good. Go Ahead.

(PAUSE)

RODRIGUEZ'S ATTORNEY: Your Honor, if I may be heard. I advised my client that at this point it would be in our best interests to waive a trial by jury and have a trial today. However *he's now insisting on a jury trial.* He is, not me.

COURT: Tell your client *I regard this as an abuse of the system because this case has already gone to the jury program and come down,* and one way or another I will find him a jury judge who will start him today. And I don't think he' going to be happy with the results of that. Tell him so he understands the difference. (Emphasis added)

(PAUSE) [2]

COURT: I'm also going to revoke any bail. This is outrageous.

(PAUSE)

COURT: Call the Sheriffs. I'm revoking his bail.

\*     \*     \*     \*     \*     \*

---

**2.** At the sentencing hearing, Rodriguez testified that during this pause his attorney said to him "You've ruined everything ..., no matter what, even if the case isn't seen today, you are going to jail." It is important to note that this testimony was entered into the record, without objection from the Commonwealth, and stands uncontroverted.

RODRIGUEZ: *I always understood this was going to be a jury trial.* (Emphasis added)

\* \* \* \* \* \*

(Defendant signs the waiver form)

Rodriguez now presents the following issue for our review:

Whether the court erred in failing to grant defendant a new trial where after an on the record colloquy as to waiver of jury trial, defendant indicated specifically on the record that he wished a jury trial. The court specifically indicated that he would be put in jail through revocation of bail as to render the waiver involuntary.

■ The right to a jury trial for non-petty criminal offenses is clearly stated in the Pennsylvania Constitution. Pa. Const., art. I, §§ 6 & 9. The right to a jury trial, as well as to other constitutional rights, will not lightly be deemed to have been waived, and *courts indulge every reasonable presumption against waiver* of such important and fundamental rights. *Commonwealth v. Baxter*, 282 Pa.Super. 467, 470, 422 A.2d 1388, 1389 (1980) (emphasis added); *see also Commonwealth v. Stokes*, 450 Pa. 167, 172, 299 A.2d 272, 276 (1973). When a waiver is considered by a defendant, Pennsylvania Rule of Criminal Procedure 1101 requires the trial judge to determine, through an on-the-record colloquy, whether the waiver is a voluntary, knowing, and intelligent decision by the defendant. *Commonwealth v. Shablin*, 362 Pa.Super. 289, 293, 524 A.2d 511, 513 (1987).

■ The scope of a trial court's discretionary powers to deal with the factual circumstances it confronts in determining the voluntariness of a jury waiver is broad, but it is not unlimited. *Commonwealth v. Powell*, 527 Pa. 288, 297, 590 A.2d 1240, 1244 (1991). On appeal, we will reverse the trial court when it is apparent there was an abuse of that discretion. *Id.* An abuse of discretion is " 'not merely an error of judgment, but if in reaching a conclusion the law is overridden or misapplied, or the judgment exercised is mani-

festly unreasonable, or the result of partiality, prejudice, bias or ill-will, as shown by the evidence or the record, discretion is abused.' (citations omitted)." *Commonwealth v. Wade*, 485 Pa. 453, 467, 402 A.2d 1360, 1367 (1979).

█ On March 13, 1990, Rodriguez requested a jury trial as was his right under the Pennsylvania Constitution. His jury demand is recorded on the official docket, on a subpoena dated March 13, 1990, and on the contemporaneous handwritten chronology of the case. The latter notation is signed by the Honorable Mary Colins, the presiding judge at that time. Contrary to Judge Cohen's statement after the jury waiver colloquy and in her opinion, *nowhere in the record is there any indication that Rodriguez ever changed his mind and requested a bench trial.*

When Rodriguez refused to waive his jury demand on September 19, 1990, Judge Cohen revoked his bail. Our supreme court, in a similar situation, determined that a trial court's revocation of bail upon the defendant's request for a jury suggests a coercive atmosphere where one cannot voluntarily waive his right to a jury trial. *Powell*, 527 Pa. at 296, 590 A.2d at 1244. Additionally, even when Rodriguez agreed to sign the waiver of his jury rights, he reiterated that he had always believed he would be tried by a jury. Clearly, it was only after Judge Cohen's indignant reaction to his jury request, his own attorney's recrimination that he was going to jail, and the revocation of his bail that Rodriguez finally acquiesced to a non-jury trial.

The trial court states that revocation of bail did not constitute coercion sufficient to render Rodriguez's waiver involuntary and cites *Commonwealth v. Jordan*, 215 Pa.Super. 537, 258 A.2d 688 (1969), as controlling. We do not agree. *Jordan* is factually distinguishable from the case at hand. There is nothing in *Jordan* to indicate the defendant had previously requested a jury trial. Defendant Jordan had waived his right to a jury trial after both the trial court and his own attorney had "gotten mad" at him for requesting a jury. The *Jordan* court, after voicing its disapproval

of the jury request, immediately made preparations for a jury trial. On appeal, this court held that since the judge did not threaten to incarcerate Jordan for requesting a jury, and immediately sought to find a jury, Jordan could not be deemed to have been intimidated by the trial court's remarks. Moreover, Jordan stated that he had not been coerced and that he had made his waiver voluntarily. *Jordan*, 215 Pa.Super. at 542, 258 A.2d at 691.

Unlike *Jordan*, here Rodriguez had made a jury demand six months before his case came before Judge Cohen. When Rodriguez restated his desire for a jury after the required colloquy, Judge Cohen accused him of abusing the system. The trial court promptly revoked his bail and ordered the sheriffs into the courtroom. Such a swift and accusatory reaction from the judge, in conjunction with the summoning of sheriffs to detain him, suggests a coercive atmosphere. *Powell, supra.*

In its opinion, the trial court states that it was necessary to revoke Rodriguez's bail since there was a possibility that he "would flee upon learning that the case was finally going to trial." We find this explanation disingenuous. While on bail, Rodriguez had been issued ten subpoenas to appear for court dates. Each time he presumably expected to go trial. Yet, without exception, Rodriguez appeared on every one of the appointed dates. No circumstances had changed in the interim. Therefore, we do not agree that revoking Rodriguez's bail was necessary to insure his appearance at trial. We find that the intimidating manner in which bail was revoked precluded a voluntary waiver. *Shablin, supra.*

The trial court's reaction to Rodriguez's jury demand was based on the mistaken belief that Rodriguez had waived his jury demand and had opted for a bench trial instead. We find no indication in the record that the case had "gone to the jury program and come down" to the waiver trial division. However, the following excerpt from the sentencing hearing suggests that the confusion stemmed from poor record keeping on the part of the Commonwealth.

COURT: And what happened then?

ADA: Then it was summer, Your Honor; and for some reason all my colleague wrote was court continuance, July 23rd, '90, and went back to 625, keep it on his calendar, September 17, 1990, indicated it would be a waiver and that's when we came to this room.

Consequently, we find that the prosecution, not Rodriguez, was responsible for the incorrect designation of the case as a waiver trial.

■ The trial court also states that its actions were directed solely toward resolving a case that had been lingering for 683 days and had already been continued numerous times. While this case had encountered multiple postponements, the record reveals that Rodriguez was not to blame for these delays. *See* footnote one, *supra.* The record simply does not support the trial court's presumption that Rodriguez's jury demand was an attempt to prolong the adjudication of his case.[3] While we are cognizant of the enormous caseloads our trial courts must bear, and the resultant need for judicial efficiency, we cannot allow a defendant's fundamental right to a trial by jury to be lost in an attempt, however noble, to conserve scarce judicial resources.

■ Finally, the trial court determined that since the issue of involuntary waiver was not raised in Rodriguez's post-trial motions, he has waived this claim on appeal. It is true that Rodriguez did not raise the issue in his written post-trial motions. However, prior to sentencing, the trial court asked if "there was any argument that he wished to incorporate in addition to" what was contained in his written motions. Rodriguez responded affirmatively and addressed the issue of the voluntariness of his waiver. Thus the claim has not been waived for failure to include it in

3. Even if Rodriguez had waived his right to a jury trial prior to the court's colloquy, under the Pennsylvania Rule of Criminal Procedure 1102, at any time prior to the commencement of trial a defendant has the absolute right to withdraw his or her waiver of the right to trial by jury. *Commonwealth v. Hewett,* 380 Pa.Super. 334, 551 A.2d 1080 (1988).

post-trial motions. *Commonwealth v. Markovitch*, 388 Pa.Super. 244, 565 A.2d 468 (1989).

Indulging every reasonable presumption against finding a voluntary waiver of the right to a jury trial, *Baxter, supra,* we conclude that the trial court misapplied the law and thereby abused its discretion, in determining that Rodriguez had voluntarily waived his right to a jury trial. *Wade, supra; Hewett, supra.* We, therefore, reverse the judgment of sentence and remand the case for a new trial. Jurisdiction relinquished.

Judgment of sentence reversed; case remanded. Jurisdiction relinquished.

FORD ELLIOTT, J., concurs in the result.