375 A.2d 808

**COMMONWEALTH of Pennsylvania**

v.

**Francis John SISAK, Appellant.**

Superior Court of Pennsylvania.

Submitted June 14, 1976.

Decided June 29, 1977.

Malcolm M. Limongelli, First Assistant Public Defender, Wilkes-Barre, for appellant.

Patrick J. Toole, Jr., District Attorney, Wilkes-Barre, for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

PER CURIAM:

This appeal is from denial of relief under the Post Conviction Hearing Act.[1] Appellant was tried and convicted of burglary in 1966. Upon appeal, the Pennsylvania Supreme Court reversed and awarded a new trial. Appellant was again found guilty, and on April 6, 1971, he was sentenced to a term of imprisonment of ten to twenty years. No direct appeal was filed. On June 3, 1971, appellant filed a petition under the Post Conviction Hearing Act. On July 8 a hearing was held, and on July 19 the petition was denied. No appeal was filed. On October 20, 1975, appellant filed another PCHA petition. On October 27 the petition was denied without hearing, and this appeal is from that denial.

1. Act of Jan. 25, 1966, P.L. 1580 (1965), § 1 *et seq.*, 19 P.S. § 1180–1 *et seq.* (1976–77 Supp.)

■■■ Appellant has raised several issues of which we need consider only one. Generally, any issues that were raised or could have been raised at a previous proceeding under the Post Conviction Hearing Act are deemed to be waived at subsequent proceedings. 19 P.S. § 1180–4(b). Here, however, appellant has alleged that he was deprived of effective assistance of counsel on his first petition. *Commonwealth v. Waddy,* 463 Pa. 426, 345 A.2d 179 (1975); *Commonwealth v. Wideman,* 453 Pa. 119, 306 A.2d 894 (1973). We must agree.

After appellant filed his first petition the lower court appointed counsel to assist appellant from the office of the Public Defender of Luzerne County. However, one of the grounds for relief that appellant has listed in that petition was that "the last four attorneys I had from the public defender's office won't even come to see me, as a matter of fact I can't even get a letter from them, there has been a conflict of interest on the part of the public defenders." June 3, 1971, Petition Under Post Conviction Hearing Act at 5. Although not artfully worded, this was clearly an attack on the effectiveness of appellant's trial counsel from the Public Defender's Office.

■■ In *Commonwealth v. Crowther,* 241 Pa.Super. 446, 361 A.2d 861 (1976), this court held that it is error for a court to appoint counsel from the Public Defender's Office to assist a petitioner when one of the issues raised is the ineffectiveness of previous counsel from the same office. *See also Commonwealth v. Via,* 455 Pa. 373, 316 A.2d 895 (1974). Having determined that appellant qualified for court appointed counsel to assist him in presenting his petition, Pa.R.Crim.P. 1503, 19 P.S.Appendix, the court should have appointed counsel who was not from the Public Defender's Office.

The order of the lower court denying appellant's petition is reversed, and the case is remanded for appointment of counsel other than from the office of the Public Defender of Luzerne County.

VAN der VOORT, J., dissents.