390 A.2d 1347

**COMMONWEALTH of Pennsylvania, Appellee,**

**v.**

**David Lee FERGUSON, Appellant.**

Superior Court of Pennsylvania.

Submitted March 13, 1978.

Decided July 12, 1978.

Bruce D. Foreman, Harrisburg, for appellant.

Marion E. MacIntyre, Second Assistant District Attorney, Harrisburg, for Commonwealth, appellee.

Before JACOBS, President Judge, and HOFFMAN, CERCONE, PRICE, VAN der VOORT, SPAETH and HESTER, JJ.

HESTER, Judge:

This is an appeal from the Order of the Common Pleas Court of Dauphin County, Criminal Division, denying Appellant's Post Conviction Hearing Act Petition.

On November 13, 1974, Appellant represented by the Public Defender, entered a plea of guilty to four counts of burglary. He was subsequently sentenced to three terms of 4 to 8 years, and one term of 7 to 15 years, all to run concurrently. No direct appeal was taken. On December 19, 1974, Appellant filed his first Post Conviction Hearing Act Petition, alleging that he had not been tried within 270 days as then required by Rule 1100. Trial counsel (Public Defender) was appointed to assist the Appellant. The Petition was denied, January 23, 1975, without a hearing. The court determined, as a fact, that Appellant had been tried within 242 days.

On April 22, 1975, Appellant filed his second Post Conviction Hearing Act Petition, alleging that his plea of guilty had been unlawfully induced. Counsel, other than trial counsel, but also from the Office of the Public Defender, was appointed to represent Appellant. The court denied the second Petition without a hearing on August 26, 1975, reasoning that the record refuted Appellant's allegation that his plea was unlawfully induced and further, that since this issue had not been raised in the first Post Conviction Hearing Act Petition, it was, therefore, deemed to have been waived.

On September 20, 1976, Appellant filed his third Post Conviction Hearing Act Petition (the denial of which is before this court). Counsel, other than the Public Defender, was appointed to represent the Appellant, and proceeded to file a Supplemental Petition. That Petition alleged that Appellant had been denied his right of representation by competent counsel and that his plea of guilty had been unlawfully induced. In support of these arguments, Appellant alleged the following: that he was not competent to stand trial or aid or assist counsel in a defense; that three indictments were returned during the period Appellant was

confined in Farview State Hospital and were subject to challenge; that the withdrawal of the Motions to Quash said Indictments was made without his consent; that Appellant is a functional illiterate, and that his plea of guilty was induced by a promise of a sentence that would not exceed 14 months.

The court on December 8, 1976, denied the Petition without a hearing, stating that each of Appellant's allegations had been refuted by the Commonwealth's Answer to the Petition. This appeal followed.

Appellant first contends that either his guilty plea was unlawfully induced by the promise of a sentence of only 14 months, when, in fact, he received a much greater sentence or in the alternative, he did not understand the nature and consequences of the plea and therefore it was not voluntary.

This issue was previously raised in Appellant's second Post Conviction Hearing Act Petition and denied. Although the judge did not grant a hearing on that petition, we think the record clearly indicated that no promise of sentence was given and that Appellant knew this to be the case (N.T. 14), and that Appellant also understood the consequences of his plea (N.T. 10–18). Therefore, we are of the opinion that the judge properly denied a hearing. (See *Commonwealth v. Walker*, 460 Pa. 658, 334 A.2d 282 (1975). We consider this issue to have been finally litigated and dismiss Appellant's contention.

Appellant's second contention is that he was not properly represented by counsel at trial in that counsel either misinformed or misled Appellant in the acceptance of the aforesaid plea bargain, and that counsel did not properly assist him in regard to his rights as a committed incompetent in the period during which he was indicted for several counts of burglary.

The first portion of the argument alleging ineffectiveness, relates to the validity of the guilty plea. Since we have decided that that issue had been finally litigated, we will not permit Appellee to attack the plea's validity indi-

rectly. There must be an end to litigation at some point. See *Commonwealth v. Slavik*, 449 Pa. 424, 297 A.2d 920 (1973).

There is no question that the second issue raised in this argument has been preserved.[1] Appellant, clearly, had the right to quash the indictments returned during his confinement in Farview State Hospital. *Commonwealth v. Kohr*, 228 Pa.Super. 195, 323 A.2d 79 (1974). Here, however, appellant, through his attorney, withdrew his application to quash the indictments. Appellant now claims that his trial counsel did not properly advise him of his rights in relation to these indictments.

In evaluating counsel's actions, we must use the test enunciated in *Commonwealth ex rel. Washington v. Maroney*, 427 Pa. 599, 604, 235 A.2d 349, 352–353 (1967):

> [O]ur inquiry ceases and counsel's assistance is deemed constitutionally effective once we are able to conclude that the particular course chosen by counsel *had some reasonable basis* designed to effectuate his client's interests. The test is not whether other alternatives were more reasonable, employing a hindsight evaluation of the record. (Emphasis in the original)

We cannot determine from the record whether Appellant's factual allegations have merit. There is no indication what counsel discussed with Appellant as to his rights in relation to the indictments, and we note that Appellant's consent to the withdrawal of the indictment did indicate some confusion as to what was taking place (N.T. 6–8).

Furthermore, we are unable to discern counsel's strategy in withdrawing the Motion to Quash the Indictments,

1. Here Appellant was represented by the Public Defender's Office at trial and at both previous Post Conviction hearings. *Commonwealth v. Via*, 455 Pa. 373, 316 A.2d 895 (1974) and *Commonwealth v. Crowther*, 241 Pa.Super. 446, 361 A.2d 861 (1976). Both hold that where the same office represents a petitioner at a Post Conviction Hearing that had represented him at trial, issues as to ineffective assistance of counsel are not deemed waived for failure to raise them, since necessarily the same office would not raise an issue as to ineffectiveness of one of its own members.

whether it was pursuant to a plea bargain or his evaluation that Appellant would be reindicted in any event.

Our Supreme Court held in *Commonwealth v. Hubbard*, 472 Pa. 259 at 278, 372 A.2d 687 at 696 (1977):

> "once we conclude that the omitted contention (i. e., trial counsel's non-action) is of arguable merit, our inquiry into the substance of the claim ceases and shifts to an analysis of a (trial) counsel's basis for decision."

When the record before a reviewing court is inadequate to disclose whether counsel acted pursuant to a reasoned course, i. e., whether there existed a satisfactory basis for not making the omitted claim, then the appellate court should remand the case for an evidentiary hearing on that issue. *Commonwealth v. Hubbard*, supra; *Commonwealth v. Moore*, 466 Pa. 510, 353 A.2d 808 (1976); *Commonwealth v. Twiggs*, 460 Pa. 105, 331 A.2d 440 (1975). A finding of ineffectiveness without the benefit of such a hearing is proper only when it can conclusively be said from an examination of the record on appeal that there could have been no reasonable basis for counsel's decision. *Commonwealth v. Hubbard*, supra.

We therefore remand to the lower court for an Evidentiary Hearing on the issue of trial counsel's alleged ineffectiveness relating to the indictments returned during the period Appellant was in Farview.

The action of the court below denying Appellant's allegation that his guilty plea was unlawfully induced, is affirmed. Appellant's argument is completely devoid of merit.

That portion of the appeal alleging the ineffectiveness of counsel is remanded to the court below for the express purpose of conducting an Evidentiary Hearing to determine the circumstances surrounding the withdrawal of the Motions to Quash the Indictments returned during the period Appellant was confined to Farview State Hospital.

Remand in part for an Evidentiary Hearing. Hoffman and Spaeth, JJ., would also instruct the lower court to determine whether appellant was effectively represented

by counsel when he pleaded guilty; this issue should not have been decided, if indeed it was, by dismissing appellant's second PCHA petition without a hearing, since counsel on that petition was associated with counsel who represented appellant at the guilty plea. *See Commonwealth v. Sisak*, 249 Pa.Super. 159, 375 A.2d 808 (1977).