409 A.2d 901

**COMMONWEALTH of Pennsylvania**

v.

**Louis STANTON, Appellant.**

Superior Court of Pennsylvania.

Submitted July 17, 1979.

Filed Sept. 7, 1979.

306

Rudolph S. Pallastrone, Philadelphia, for appellant.

Robert B. Lawler, Assistant District Attorney, Chief, Appeals Division, Philadelphia, for Commonwealth, appellee.

Before MONTGOMERY, O'BRIEN and HONEYMAN, JJ.*

HONEYMAN, Judge:

On April 27, 1970, David Fineman, a graduate student at Temple University, was shot and killed in Philadelphia at night time on a street near the campus. On the same day the appellant was one of four who were arrested for the murder. One hour after being taken into custody, he gave a confession to the police. After trial, he was found guilty by jury on May 20, 1971 of murder in the first degree with the penalty being fixed at death. Judgment of sentence was reversed by the Supreme Court of Pennsylvania and his confession was directed to be suppressed. See *Com. v. Stanton*, 466 Pa. 143, 351 A.2d 663 (1976). Appellant was re-tried with a jury on June 1, 1976. He was again found guilty of murder in the first degree, with the penalty being fixed at life imprisonment. The instant appeal followed therefrom. In support thereof, appellant raises two points, one concerning jury selection, and the other concerning alleged prosecutorial misconduct.

 The case had received considerable publicity and notoriety in the news media both at the time of the killing in 1970 and again at the time of the first trial in 1971. However, the present record reveals only one small news account dated January 30, 1976, concerning the granting to

---

* Justice HENRY X. O'BRIEN of the Supreme Court of Pennsylvania, and Judge ROBERT W. HONEYMAN of the Court of Common Pleas of Montgomery County, Pennsylvania, are sitting by designation.

the appellant of a new trial by the Supreme Court of Pennsylvania. This publication was four months before the second trial. Defense counsel submitted a lengthy list of questions bearing upon prior knowledge of the event to the trial judge for his use in the initial collective voir dire of the prospective jurors. The trial judge reduced the list to three questions which concerned whether the name of the victim or the name of the appellant meant anything to the jurors and whether any jurors had attended Temple University or been employed thereby within the preceding six years. With respect to any jurors who responded affirmatively in these areas, the trial judge permitted counsel to ask further questions of such jurors. The jury selection covered three days, and at the conclusion thereof, the appellant had exercised only eighteen out of his allowable twenty peremptory challenges. Therefore, appellant was not required to accept any individual juror involuntarily. Appellant complains that he was unduly restricted in his voir dire concerning possible prior knowledge and/or prejudice on the part of the prospective jurors. We do not agree. The scope of voir dire examination of prospective jurors, as well as the manner in which it is conducted, rests within the discretion of the trial judge, so long as it is done within the provisions of the applicable procedural rules. We find no abuse of discretion nor departure from the mandate of the rules. Furthermore, the prior publicity attendant upon the case was either six or seven years prior to the selection of this jury. Certainly, the questions put to them were adequate to trigger their memories. Even if the trial judge had erred in refusing a challenge for cause as to any juror, it would certainly be harmless error inasmuch as the appellant's peremptory challenges were not exhausted.

The complaints by the appellant concerning the summation to the jury by the prosecutor are that he used inapplicable illustrations for voluntary manslaughter and murder in the second degree, that he aroused the prejudices of the jury by referring the to victim as "Midshipman David Harris Fineman" as well as other complimentary characterizations of the victim, and his reference to the appellant as a

"self styled god." A review of such remarks does not convince us that they transcended the standards relating to the prosecutorial function as enunciated in the American Bar Association Standards Relating to the Administration of Justice, the Prosecution Function Section 5.8(a). Furthermore, the trial judge carefully defined the various degrees of murder and voluntary manslaughter in his charge, as well as cautioning the jury that the summations of counsel were not evidence. Even if there were something erroneous about the illustrations utilized by the prosecutor, the instructions by the trial judge would have more than overcome them. The references to the victim appear to have been factually accurate and we see nothing improper in prosecutor alluding to him in a favorable light. Finally, the reference to the appellant does not rise to the magnitude of opprobrious references that have been condemned by the Supreme Court of Pennsylvania in *Com. v. Gilman*, 470 Pa. 179, 368 A.2d 253 (1977) and *Com. v. Smith*, 478 Pa. 76, 385 A.2d 1320 (1978). The trial judge was in the best position to judge the potential for unwarranted prejudice flowing from the prosecutor's remarks and we find no abuse of discretion in his disposition of objections made by appellant's counsel to the prosecutor's summation. See *Com. v. Simon*, 432 Pa. 386, 248 A.2d 289 (1968).

Judgment of sentence affirmed.