413 A.2d 1047

**COMMONWEALTH of Pennsylvania**

v.

**Charles W. JOHNSON a/k/a Candy Man West, Appellant.**

Supreme Court of Pennsylvania.

Submitted March 3, 1980.

Decided April 28, 1980.

John H. Corbett, Jr., Paulette J. Balogh, Asst. Public Defenders, Pittsburgh, for appellant.

Robert E. Colville, Dist. Atty., Robert L. Eberhardt, Deputy Dist. Atty., Charles W. Johns, Asst. Dist. Atty., Pittsburgh, for appellee.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, NIX, LARSEN, FLAHERTY and KAUFFMAN, JJ.

## OPINION OF THE COURT

O'BRIEN, Justice.

Appellant, Charles W. Johnson, a/k/a Candy Man West, was convicted in 1975 of three separate violations of the Controlled Substance, Drug, Device and Cosmetic Act[1]; to-wit, delivery of a controlled substance (L.S.D.), possession with intent to deliver a controlled substance (L.S.D.) and possession of a controlled substance (L.S.D.). No post-verdict motions were filed and appellant was sentenced to a prison term of four to ten years for the delivery conviction. Sentence was suspended on the remaining convictions.

In July of 1977, appellant filed a petition under the Post Conviction Hearing Act[2] alleging, *inter alia*, that he had been denied the effective assistance of counsel when trial counsel failed to file post-verdict motions despite appellant's instructions that counsel do so. A hearing was held and the petition was denied on October 11, 1977. The Superior Court affirmed per curiam. *Commonwealth v. Johnson*, 266 Pa.Super. ——, 405 A.2d 548 (1979), and we granted appellant's petition for allowance of appeal.

Instantly, appellant again argues that he was denied the effective assistance of counsel because trial counsel failed to file post-verdict motions. The facts are as follows.

At the end of trial, the court asked appellant if he wished to file post-verdict motions. After conferring with appellant, trial counsel informed the court that no decision had been made on whether said motions would be filed. The court informed appellant that he had seven days to make a decision. No motions having been filed, appellant appeared ten days later for sentencing. When counsel argued that his client had been erroneously convicted, the court again stated that appellant could still file post-verdict motions. Before sentence was imposed, appellant was given a chance to speak; while still professing his innocence, appellant, how-

1. Act of April 14, 1972, P.L. 223, No. 64, 35 P.S. § 780–101 et seq.

2. Act of January 25, 1966, P.L. (1965) 1580, 19 P.S. § 1180–1 et seq. (Supp.1979–80).

ever, made no mention of a desire to file post-verdict motions.

At the P.C.H.A. hearing, appellant testified that he had instructed counsel to file post-verdict motions and that counsel had agreed to do so. Further, appellant alleged that until the time of sentencing, he had not realized that the motions had not been filed. Trial counsel, on the other hand, testified that he and appellant had agreed not to file said motions. In its opinion in support of the order denying appellant's requested relief, the court stated:

"In view of the conflicting testimony in this case, the fact that the defendant had been advised of his right to file post-verdict motions did in fact realize that none had been filed, and yet refrained from making any statement about them, such lack of action by the defendant himself does not support his claim that counsel's failure to file post-trial motions was against defendant's wishes."

It is important, at this point, to make clear what appellant is not arguing; he does not advance any argument alleging a failure to comply with Pa.R.Crim.P. 1123(c).[3] Thus, any lack of compliance will not be considered in our analysis of appellant's argument.

In *Commonwealth ex rel. Washington v. Maroney*, 427 Pa. 599, 604–05, 235 A.2d 349, 352, 353 (1967), we stated:

" . . . [O]ur inquiry ceases and counsel's assistance is deemed constitutionally effective once we are able to conclude that the particular course chosen by counsel had *some reasonable basis* designed to effectuate his client's interests. The test is *not* whether other alternatives were more reasonable, employing a hindsight evaluation of the record. Although weigh the alternatives we must, the

---

3. Upon the finding of guilt, the trial judge shall advise the defendant on the record:

(1) of the right to file post-verdict motions and of the right to the assistance of counsel in the filing of such motions and on appeal of any issues raised therein;

(2) of the time within which he must do so as set forth in paragraph (a); and

(3) that only the grounds contained in such motions may be raised on appeal. Pa.R.Crim.P. 1123(c).

balance tips in favor of a finding of effective assistance as soon as it is determined that a trial counsel's decisions had any reasonable basis." (Footnote omitted.) (Emphasis in original.)

Further, counsel is not ineffective for failing to assert a baseless claim. *Commonwealth v. Hubbard*, 472 Pa. 259, 372 A.2d 687 (1977). We do not believe appellant was denied the effective assistance of counsel.

 Absent any non-compliance with Pa.R.Crim.P. 1123(c) (which, as previously mentioned, has not been raised by appellant), we believe the record supports a finding that appellant waived his right to file post-verdict motions. In *Johnson v. Zerbst*, 304 U.S. 458, 464, 58 S.Ct. 1019, 1023, 82 L.Ed. 1461 (1938), the Court stated:

"A waiver is ordinarily an intentional relinquishment or abandonment of a known right or privilege. The determination of whether there has been an intelligent waiver of the right [involved] must depend, in each case, upon the particular facts and circumstances surrounding that case, including the background, experience, and conduct of the accused."

Instantly, appellant was informed at least twice of his right to file post-verdict motions, yet no motions were filed. Further, when given a chance to speak prior to sentencing, appellant made no mention that he desired to file said motions. The P.C.H.A. court chose to believe appellant's trial counsel who testified that appellant had no intention of filing post-verdict motions, agreeing that it would be useless to file them.[4] As trial counsel obviously believed that appellant had voluntarily, knowingly and intelligently abandoned

---

4. While the court did not make an *express* finding on this credibility issue, it would be ludicrous to assume that the trial court would have believed appellant, yet rule there was no denial of appellant's right to effective assistance of counsel. Further, the court's opinion makes clear it decided the credibility issue adversely to appellant, buttressing its finding by stating that appellant's actions at sentencing were inconsistent with the testimony proffered at the P.C.H.A. hearing. We find no error in this resort to extrinsic facts in deciding whose testimony was to be believed.

his right to file post-verdict motions, he cannot be deemed ineffective for the failure to file the motions.

■ Further, had appellant filed the motions, his appellate rights would have been preserved. In his P.C.H.A. petition, appellant alleged, apart from the obstruction of his appellate rights, two claims of error. He claimed that he had been denied the effective assistance of counsel because counsel failed to file a pre-trial motion to suppress evidence and because counsel did not introduce a newspaper clipping that referred to another person known as "Candy Man" who had been arrested for selling drugs. The P.C.H.A. court found no merit in either contention. The court first held no suppression motion need be filed, as there was no evidence seized pursuant to a warrant or at the time of appellant's arrest and no confessions were involved. Second, the court found that trial counsel had interviewed the appellant's arresting officers; said officers were positive that the person they had arrested was the man who sold the L.S.D. to the undercover agent. The court thus found a reasonable trial strategy in neither introducing the newspaper clipping nor calling the arresting officers to testify. As we agree that there is no merit to these contentions which could have been raised on appeal if post-verdict motions had been filed, we believe counsel was not ineffective for failing to preserve meritless claims. *Commonwealth v. Hubbard, supra.*

Order affirmed.

ROBERTS, J., files a dissenting opinion.

ROBERTS, Justice, dissenting.

The majority holds that appellant knowingly and intelligently waived his right to file post-verdict motions, and thus affirms the order of the PCHA court. I dissent.

Personal waivers of important constitutional rights, such as the right to appeal, cannot be inferred from an incomplete and ambiguous record. See *Carnley v. Cochran,* 369 U.S. 506, 82 S.Ct. 884, 8 L.Ed.2d 70 (1962); *Johnson v. Zerbst,* 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938).

The PCHA court here denied appellant's petition on the basis of evidence in the trial record that appellant was advised of his rights of appeal after verdict and again before sentencing. That petitioner was advised of his rights, however, does not in itself establish that the failure to exercise those rights was the product of free choice. This evidence alone, therefore, does not support the PCHA court's conclusion that appellant's waiver was knowing and intelligent. Moreover, in light of the PCHA court's opinion, I am unwilling to assume, as does the majority, that the PCHA court relied upon testimony taken at the PCHA hearing on the waiver issue. Accordingly, I would vacate the order of the PCHA court and remand for proceedings consistent with this opinion.