452 A.2d 1045

**COMMONWEALTH of Pennsylvania**

v.

**Edward C. SILVIS, Appellant.**

Superior Court of Pennsylvania.

Submitted Jan. 12, 1982.

Filed Nov. 15, 1982.

Petition for Allowance of Appeal Denied Aug. 15, 1983.

Joseph C. Barnhart, Tionesta, for appellant.

Paul H. Millin, District Attorney, Tionesta, for Commonwealth, appellee.

Before HESTER, BECK and VAN der VOORT, JJ.

BECK, Judge:

Appellant Edward C. Silvis, convicted of first degree murder and sentenced to life imprisonment, has presented his third petition for Post Conviction Relief. The Supreme Court, on direct appeal, affirmed his conviction and sentence. *Commonwealth v. Silvis*, 445 Pa. 235, 284 A.2d 740 (1971). The Court of Common Pleas has dismissed all three of his petitions for Post Conviction Relief. The Supreme

Court affirmed denial of relief in the second. *Commonwealth v. Silvis,* 458 Pa. 653, 327 A.2d 871 (1974). The third of these three dismissals is now appealed.

The first issue before the Court in this instance is whether failure to raise the allegations in the present petition were waived by failure to raise them in appellant's prior appeals and petitions. The Post Conviction Hearing Act, 19 Pa.C.S. 1180–4(b) stipulates that any issue which is not presented either on direct appeal or in a previous petition is deemed waived, absent proof of extraordinary circumstances which justify the failure. Ineffective assistance of counsel would constitute "extraordinary circumstances" sufficient to preclude finding of a waiver. *Com. v. Sisak,* 249 Pa.Super. 159, 375 A.2d 808 (1977); *Com. v. Ferguson,* 257 Pa.Super. 497, 390 A.2d 1347 (1978). Silvis, now represented by his fourth attorney in these matters, is claiming ineffectiveness on the part of his trial counsel, appellate counsel, and evidentiary counsel.

Claims of ineffective assistance of counsel are subject to the standard set out in *Commonwealth ex rel. Washington v. Maroney,* 427 Pa. 599, 604, 235 A.2d 349, 352 (1967); whether a "particular course chosen by counsel had *some reasonable basis* designed to effectuate his client's interest. The test is *not* whether other alternatives were more reasonable, employing a hindsight evaluation of the record." (Emphasis in the original). Attacks on counsel may not be used to circumvent the consequences of failing to preserve issues for appeal. *Com. v. Hubbard,* 472 Pa. 259, 279, 372 A.2d 687, 696 (note 8) (1977). Counsel will not be deemed ineffective for failing to raise frivolous issues, or advance baseless claims. *Com. v. Shore,* 487 Pa. 534, 537, 410 A.2d 740, 741–2 (1980); *Com. v. Johnson,* 489 Pa. 129, 133, 413 A.2d 1047, 1049 (1980).

Silvis, in the instant appeal, raises three claims. The first is that the trial court erred by refusing to grant his request for private individual voir dire of prospective jurors. Pa.R.Cr.P. 1106(e) requires individual voir dire in capital

cases. Subsection (1)(A) provides that "Voir dire of prospective jurors shall be conducted individually and *may* be conducted beyond the hearing and presence of other jurors." (Emphasis added). Here the trial judge did conduct individual voir dire, albeit within the presence of other jurors. The rule itself clearly allows the trial court's discretion in deciding whether to question individual jurors beyond the hearing and presence of the others. The conduct of voir dire examination rests in the sound discretion of the trial judge, so long as it is done within the applicable procedural rules, and his decision will not be reversed absent palpable error. *Com. v. Fulton,* 271 Pa.Super. 430, 432, 413 A.2d 742, 743 (1979); *Com. v. Stanton,* 269 Pa.Super. 305, 308, 409 A.2d 901, 903 (1979); *Com. v. Boone,* 286 Pa.Super. 384, 388, 428 A.2d 1382, 1384 (1981). Here, we find that appellant has failed to show that the trial judge abused his discretion in the manner of voir dire, or that any prejudice resulted from the manner of the individual examinations. This first claim is without merit.

Second, appellant claims that he did not have an impartial judge at his trial because the judge acted as an advocate of the Commonwealth, frequently interjecting himself in the examination of witnesses. This claim is quickly disposed of. For the most part, the trial judge's remarks and questions were clearly directed at the legitimate purposes of clarifying testimony and maintaining proper court room procedures.[1] There is no indication of favoritism, or exceeding the limits of appropriate interrogation.

1. Appellant cites five instances of the judge's alleged undue interrogation. A careful reading of the record shows that one was a question relating to taking the body to the funeral home; one was a routine question to a medical expert; one was a correction of an improper question which called for an opinion by a lay witness; and one was a directive to counsel to make objection in proper form for the court's ruling, rather than directly attacking opposing counsel. In the final instance, the court noted: "Yes. He killed a person for his wife, unless he wanted to get something or would he?" We agree with the court below that this last remark was improper. However, it is an isolated remark, ambiguous at best, standing alone in over 300 pages of testimony, and does not rise to the level of unfair prejudice on the part of the trial court.

■ Finally, appellant now claims that the court's charge to the jury was unduly confusing and incomplete, because the trial judge refused a proper charge to the jury as to voluntary manslaughter. Silvis himself admits that in 1970, at the time of his trial, there was no duty to charge as to voluntary manslaughter if the evidence failed to establish a reasonable basis for such an instruction. Appellant cites *Com. v. Jones,* 457 Pa. 563, 319 A.2d 142 (1974), in which the trial court had refused to charge on voluntary manslaughter under a murder indictment when the evidence provided no basis for a claim of passion or legal provocation. *Jones* established the rule that henceforth a defendant under indictment of murder was entitled, upon request, to have the jury advised of its power to return a verdict of voluntary manslaughter. Even in *Jones,* the Court held that the defendant was *not* prejudiced by the absence of the instruction on voluntary manslaughter, since the evidence did not support such a verdict.

Indeed, at Silvis' trial, the court *did* advise the jury that they could return a verdict of guilty of murder in the first or second degree or voluntary manslaughter. He defined voluntary manslaughter for their information, and twice explicitly told them that they had the power to bring in such a verdict. The judge then proceeded to instruct them that there was no evidence in the case which warranted a verdict of voluntary manslaughter. Since Silvis based his own defense on intoxication and accidental shooting of the victim, we agree with the court below that the record does not substantiate a charge of voluntary manslaughter. The third claim is also without merit.

■ We therefore conclude that appellant has failed to establish any basis for concluding that he was ineffectively represented by counsel in his trial or subsequent appeals and petitions. The order of the court in the Third Post Conviction Hearing is affirmed.