501 A.2d 1143

**COMMONWEALTH of Pennsylvania**

v.

**Joseph C. WALKER, Appellant.**

Superior Court of Pennsylvania.

Argued March 27, 1985.

Filed Dec. 6, 1985.

W. Penn Hackney, Assistant Public Defender, Pittsburgh, for appellant.

Robert L. Eberhardt, Deputy District Attorney, Pittsburgh, for Commonwealth, appellee.

210

Before MONTEMURO, ROBERTS and BLOOM, JJ.*

MONTEMURO, Judge:

This appeal challenges, in the context of ineffectiveness of trial counsel, the constitutionality of the Mandatory Minimum Sentencing Act [Act], 42 Pa.C.S. § 9712, and requests a reversal of conviction or a remand to conduct an evidentiary hearing on other claims of ineffective assistance of trial counsel. We find appellant was not in any respect denied effective assistance of trial counsel. Accordingly, we affirm the conviction on separate counts of robbery, and on a weapons charge.

Following a guilty verdict on charges of robbery, 18 Pa.C.S. § 3701(a)(1)(ii), and carrying a concealed firearm without a license, 18 Pa.C.S. § 6106, in connection with incidents at the Concord Liberty Savings and Loan in Pittsburgh, Pennsylvania, the jury determined by way of special interrogatory that appellant visibly possessed a firearm during the robbery. Upon the jury's finding of guilt, appellant pleaded guilty to another robbery at the South Pittsburgh Savings and Loan. Post-verdict motions were denied, and appellant was sentenced as follows:

Robbery (South Pittsburgh): three (3) to ten (10) years imprisonment;

Robbery (Concord Liberty): Five (5) to ten (10) years imprisonment in accordance with Section 9712 of the Act to run concurrently with the sentence above;

Firearms violation: Suspended.

In determining whether trial counsel was ineffective we must first consider whether there is arguable merit to the claim. *Commonwealth v. Broadwater*, 330 Pa.Super. 234, 240, 479 A.2d 526, 529 (1984). Trial counsel will not be deemed ineffective for failure to raise a frivolous issue or to advance a baseless claim. *Commonwealth v. Silvis*, 307 Pa.Super. 75, 77, 452 A.2d 1045, 1046 (1982). If we determine the claim has arguable merit, we must then decide

* Judge Louis A. Bloom, Senior Judge, of the Court of Common Pleas, of Delaware County, Pennsylvania, is sitting by designation.

whether the course of action chosen by trial counsel had some reasonable basis designed to effectuate appellant's best interests. *Commonwealth ex rel. Washington v. Maroney,* 427 Pa. 599, 604, 235 A.2d 349, 352 (1967). Finally, should we find arguable merit, and should we find no reasonable basis calculated to effectuate appellant's best interests, before we may grant appellant relief, we must also find appellant was prejudiced by the action taken. *Commonwealth v. Clemmons,* 505 Pa. 356, 362, 479 A.2d 955, 958 (1984).

Initially, we note appellant has satisfied the procedural requirement that ineffectiveness of trial counsel must be raised in the first proceeding in which appellant is represented by counsel other than the one whose stewardship is challenged. *Commonwealth v. Dancer,* 460 Pa. 95, 331 A.2d 435 (1975); *Commonwealth v. Reidenbaugh,* 282 Pa. Super. 300, 305–6, 422 A.2d 1126, 1129 (1980), *citing Commonwealth v. Twiggs,* 460 Pa. 105, 331 A.2d 440 (1975).

Appellant first argues the ineffectiveness of his trial counsel by contending counsel should have pursued four constitutional challenges to section 9712, *viz.* : (1) it violates due process by allowing the sentencing court, using the standard of a preponderance of the evidence, to determine an "element of the crime", i.e., visible possession of a firearm, rather than reserving that decision for the trier of fact pursuant to the "beyond a reasonable doubt" standard; (2) it denies appellant his right to a jury trial on an "essential element" of the crime with which he was charged, again the visible possession of a firearm; (3) it denies appellant his due process rights by permitting the Commonwealth to wait until after conviction to inform him of the nature of the crime with which he was charged; and (4) it unconstitutionally gives the prosecution unbridled discretion to decide when to apply the mandatory sentence, thereby violating due process and the separation of powers doctrine.

Appellant's first constitutional challenge has been decisively rejected by the Pennsylvania Supreme Court in *Commonwealth v. Wright,* 508 Pa. 25, 494 A.2d 354 (1985),

*cert. granted sub nom. McMillan v. Pennsylvania*, ——
U.S. ——, 106 S.Ct. 58, 88 L.Ed.2d 47, (1985). Likewise, the
*Wright* court flatly rejected appellant's fourth argument
relating to the "unbridled discretion" placed in the hands of
the prosecution. *Wright, supra,* 508 Pa. at 40 n. 4, 494
A.2d at 361 n. 4. As to the appellant's argument that he
was denied his right to jury determination of visible posses-
sion of a firearm, appellant admits, as he must, that the
jury did in fact determine the issue by means of a special
interrogatory. His real complaint centers on the standard
used in that determination, i.e., preponderance of the evi-
dence. That complaint in turn hinges on his contention that
visible possession of a firearm is an element of the crime
with which he was charged. As this claim was rejected by
the court in *Wright*, we find no merit to the argument.
Finally, the notice argument has been clearly rejected by
our recent decision in *Commonwealth v. Cofoni*, 349 Pa.Su-
per. ——, 503 A.2d 431 (1985). Finding all four of appel-
lant's constitutional attacks on section 9712 to be meritless,
we decline to find his trial counsel ineffective for failing to
pursue them. *Silvis, supra.*

▮ Appellant next argues trial counsel was ineffective
for failing to file a motion to dismiss the case, citing the
Commonwealth's violation of the speedy trial requirement
of Pa.R.Crim.P. 1100(a)(2).[1] The record reveals that 103
days elapsed between the date of appellant's arrest, August
26, 1982, and the date he entered his guilty plea, December
8, 1982. However, appellant subsequently filed a motion to
withdraw his guilty plea which was granted by the court
below on February 3, 1983; appellant was eventually tried
on May 10, 1983. Appellant argues that the February 3rd
withdrawal of his guilty plea triggered anew the 180 day
time limit under Pa.R.Crim.P. 1100(a)(2). He further ar-
gues that the 95 days between February 3 and May 10,

1. Pa.R.Crim.P. 1100(a)(2) provides that:
   Trial in a court case in which a written complaint is filed against
   the defendant after June 30, 1974 shall commence no later than one
   hundred eighty (180) days from the date on which the complaint is
   filed.

when added to the 103 days between his arrest and initial guilty plea, represents a total of 198 non-excludable days which passed between the filing of the complaint and the trial. Appellant concludes that since no motion was filed by trial counsel to dismiss the informations because of the Commonwealth's failure to bring appellant to trial within 180 days, appellant was denied effective assistance of trial counsel. We disagree.

Appellant's Rule 1100 argument is settled by our *en banc* decision in *Commonwealth v. Lewis,* 295 Pa.Super. 61, 440 A.2d 1223 (1982). In *Lewis,* this court stated "that a withdrawal of a previously accepted plea of guilty was equivalent to the granting of a new trial, after which the Commonwealth was charged to bring the defendant to trial within 120 days." *Id.,* 295 Pa.Superior Ct. at 66, 440 A.2d at 1225. *See also Commonwealth v. Bytheway,* 290 Pa.Super. 148, 152, 434 A.2d 173, 175 (1981).

Appellant's motion to withdraw his guilty plea was granted February 3, 1983; as a result the Commonwealth had 120 days within which to commence a new trial. Appellant's case was called to trial on May 10, 1983, well within the 120 day limit. Since counsel is not obligated to pursue frivolous or baseless claims, we find no ineffectiveness in counsel's failure to raise a motion to dismiss the informations on Rule 1100 grounds.

Appellant next argues there was no reasonable explanation for trial counsel's decision to allow appellant to take the stand and confess to the robbery and possession of a firearm. (N.T. May 10, 1983, at 37–40). Appellant claims the decision was *per se* ineffectiveness.

Our independent review of the record fails to indicate that appellant's taking the stand was anything but his own decision. In *Commonwealth v. Pettus,* 492 Pa. 558, 424 A.2d 1332 (1981), our supreme court stated:

Counsel who is alleging ineffectiveness must set forth an offer to prove at an appropriate hearing sufficient facts upon which a reviewing court can conclude that trial counsel may have, in fact, been ineffective. This court

will no longer consider claims of ineffective assistance of counsel in the abstract.

*Id.*, 492 Pa. at 563, 424 A.2d at 1335. In the instant case, appellant fails to support his claim with specific facts. Nowhere does the record show appellant's desire not to take the stand. Other than simply stating that trial counsel put him on the stand, appellant offers no shred of evidence from which an inference could be drawn that his testimony was involuntary. Furthermore, given the weight of the evidence against the appellant, including the on-the-spot identifications and trial court testimony by the bank teller and bank manager, the photograph taken by the bank surveillance camera, and the testimony of the arresting officer and assisting officer, it was not unreasonable to conclude that appellant's only chance of acquittal would be to testify in his own defense. *Cf. Commonwealth v. Johnson*, 490 Pa. 312, 416 A.2d 485 (1980) (Given the strength of Commonwealth's case, defense counsel properly advised appellant to testify at trial.) Accordingly, we find no merit to appellant's contention that he was somehow coerced into taking the stand.

Because appellant raises several claims of ineffective assistance of counsel in defending appellant in connection with the robbery of the Concord Liberty Savings and Loan, the following facts, as determined at trial, are significant for our review: On August 26, 1982, appellant entered Concord Liberty Savings and Loan, and, while displaying a gun, demanded cash from the bank teller. The teller handed appellant $382. Upon receiving the cash, appellant placed the money into a shaving kit and fled. The bank manager, who witnessed the robbery, pursued appellant to a parking garage. The manager then sought the assistance of a police officer who joined in the search. As the search continued, appellant emerged from the parking garage and was identified by the bank manager. The police officer approached appellant and requested appellant's identification. When appellant refused, the officer questioned him

about the contents of the shaving kit. After further resistance by appellant, he was placed under arrest.

The officer testified that although he did not have the opportunity to look in the bag, he felt what he thought was a gun. As appellant remained handcuffed, two additional officers arrived, removed the shaving kit from appellant's possession, and upon their immediate search of the kit, discovered cash and an automatic weapon. The officers returned appellant to the bank, where he was immediately identified by the bank teller.

Appellant next contends he was denied effective assistance of trial counsel due to counsel's failure to file a motion for suppression of the evidence seized at the time of arrest. The resolution of that claim is dependent upon the legality of the arrest. Were we to find the arrest to be illegal, we would be required to suppress all evidence incident to the arrest, unless the Commonwealth was able to establish that "the evidence is sufficiently purged of any taint from the illegal arrest." *Commonwealth v. Farley*, 468 Pa. 487, 494, 364 A.2d 299, 302 (1976), *citing Brown v. Illinois*, 422 U.S. 590, 95 S.Ct. 2254, 45 L.Ed.2d 416 (1975); *Betrand Appeal*, 451 Pa. 381, 303 A.2d 486 (1973); Pa. Const. Art. I, § 8. Accordingly, we address the legality of the arrest.

■ The arrest of appellant was made without a warrant. In order for a police officer to make a valid warrantless arrest, probable cause must exist. *Commonwealth v. Stokes*, 480 Pa. 38, 43, 389 A.2d 74, 76 (1978). Probable cause is established when all facts and information within the officer's knowledge are sufficient to allow a person of reasonable suspicion to believe that a crime is being committed or has been committed, and that the arrestee is the perpetrator. *Commonwealth v. Travaglia*, 502 Pa. 474, 484, 467 A.2d 288, 292 (1983); *Stokes, supra; Commonwealth v. Johnson*, 467 Pa. 146, 153, 354 A.2d 886, 889 (1976); *Commonwealth v. Jeffries*, 454 Pa. 320, 323, 311 A.2d 914, 916 (1973).

■ Regarding the arresting officer's belief that a crime has been or is being committed, the belief need not be based upon the officer's direct, personal knowledge of facts and circumstances. The belief may, instead, rest solely upon facts and information supplied by another person, so long as there is a "substantial basis" for trusting the source and credibility of the information. *Stokes, supra,* 480 Pa. at 44, 389 A.2d at 76, *citing United States v. Harris,* 403 U.S. 573, 91 S.Ct. 2075, 29 L.Ed.2d 723 (1971); *Jones v. United States,* 362 U.S. 257, 80 S.Ct. 725, 4 L.Ed.2d 697 (1960); *Draper v. United States,* 358 U.S. 307, 79 S.Ct. 329, 3 L.Ed.2d 327 (1959). Our supreme court has recognized certain classes of persons whose information may be deemed sufficient to establish probable cause. *See Stokes, supra* 480 Pa. at 44, 389 A.2d at 77. It is sufficient for our purposes to note that the statement of a victim identifying the perpetrator of the crime, and information supplied by an eyewitness, have been recognized as substantial bases upon which probable cause may be established. *See Commonwealth v. Irving,* 485 Pa. 596, 403 A.2d 549 (1979); *Commonwealth v. Hall,* 456 Pa. 243, 317 A.2d 891 (1974); *Commonwealth v. Evans,* 305 Pa.Super. 450, 451 A.2d 734 (1982).

■ In the instant case, the arresting officer relied upon information supplied by the bank manager who arguably is both a victim and a witness. The immediacy of the manager's pursuit of appellant, request for assistance of the officer, and on-the-spot identification, were sufficient to establish probable cause for arrest. As a result of the existence of probable cause, a warrant was not required, and the arrest was valid. Thus, appellant was not denied effective assistance of trial counsel due to counsel's failure to litigate the validity of appellant's arrest.

Appellant further argues that even if the arrest is found to be legal there is no excuse for the failure of police to obtain a search warrant for the shaving kit. We disagree.

■ Incident to a lawful arrest, a police officer may conduct a warrantless search of the arrestee's person and of the area within the immediate control of the arrestee. The warrantless search acts to protect the arresting officer from weapons the arrestee may have access to, and prevents the destruction or concealment of evidence. *Commonwealth v. Timko*, 491 Pa. 32, 37, 417 A.2d 620, 622 (1980); *Commonwealth v. Long*, 489 Pa. 369, 374, 414 A.2d 113, 115 (1980); *Commonwealth v. Zock*, 308 Pa.Super. 89, 93, 454 A.2d 35, 37 (1982), *appeal dismissed* 502 Pa. 164, 465 A.2d 641 (1983). In *Timko*, our supreme court recognized that "absent exigent circumstances, a warrantless search of luggage or other personal property in which a person has a reasonable expectation of privacy is not permissible." *Timko, supra* 491 Pa. at 37–8, 417 A.2d at 623. While we agree, as we must, with that statement of the law, we are convinced that the application of that law mandates our approval of the search of the shaving kit.

■ We find that in the case *sub judice* there were exigent circumstances present, and appellant cannot be said to have had a reasonable expectation of privacy in his shaving kit. As stated above, during the struggle in which the arresting officer attempted to gain control of the shaving kit, the officer testified that he felt what he thought was a gun. We find the suspicion of the gun provides ample justification to permit the search of the shaving kit as necessary to protect the safety of the officers. The United States Supreme Court has recognized several instances in which exigent circumstances existed where the presence of a weapon was suspected. *Texas v. White*, 423 U.S. 67, 96 S.Ct. 304, 46 L.Ed.2d 209 (1975); *see Cady v. Dombrowski*, 413 U.S. 433, 93 S.Ct. 2523, 37 L.Ed.2d 706 (1973) (police had reason to suspect automobile trunk contained a weapon); *Chambers v. Maroney*, 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1970) (officers had reason to believe suitcase contained a weapon).

In *Commonwealth v. Sharpe*, 449 Pa. 35, 296 A.2d 519 (1972), defendant was arrested based on probable cause that

he had committed murder. Suspecting proof of the crime would be found in an overnight bag defendant was holding, an officer requested the bag. Following defendant's refusal to give up the bag, a struggle ensued, although the officers finally gained control of the bag. Visible in the partially unzipped bag was the handle of a revolver. The officer immediately searched the bag which revealed a revolver, among other items. On appeal, our supreme court unanimously upheld the validity of the search. *Sharpe* is determinative here. In the instant case, the arresting officer felt what he thought was a gun. Given a police officer's first hand knowledge of guns, feeling a gun is sufficiently parallel to viewing the handle of a gun as in *Sharpe*.

We are further inclined to analogize a shaving kit to a purse, the search of which the courts have overwhelmingly allowed. See *United States v. Venizelos*, 495 F.Supp. 1277 (S.D.N.Y.1980) (purse considered personal property immediately associated with the person); *Hinkel v. Anchorage*, 618 P.2d 1069 (Alaska 1980) (purses generally serve same function as pockets); *State v. Sabater*, 3 Kan.App.2d 692, 601 P.2d 11 (1979) (purse involved no greater reduction in expectation of privacy than that caused by arrest itself); *State v. Horton*, 44 N.C.App. 343, 260 S.E.2d 780 (1979) (officer can search purse for his own protection). The shaving kit was immediately associated with appellant. Given its wide range of uses, it may serve the same general function as a purse, holds no greater expectation of privacy than a purse, and may cause the same threat to an officer, when it contains a gun, as does a purse. Accordingly, we find the warrantless search of the shaving kit was valid, and find no arguable merit to appellant's claim of ineffectiveness on this point.

Appellant further argues he was denied effective assistance of trial counsel due to trial counsel's failure to object to the suggestiveness of the pre-trial identification and his failure to file a motion to suppress all identification testimony. We disagree.

The identifications made by the bank manager prior to appellant's arrest and by the bank teller after the arrest

were made on-the-spot and therefore were properly admissible. *Commonwealth v. O'Neal,* 321 Pa.Super. 323, 328, 468 A.2d 500, 503 (1983), *citing Commonwealth v. Turner,* 454 Pa. 520, 314 A.2d 496 (1974); *Commonwealth v. Aaron,* 255 Pa.Super. 289, 386 A.2d 1006 (1978); *Commonwealth v. Santiago,* 229 Pa.Super. 74, 323 A.2d 826 (1974). As our supreme court stated in *Commonwealth v. Mackey,* 447 Pa. 32, 288 A.2d 778 (1972):

> The primary reason for the admissibility of such confrontations is that the close proximity in time and place to the actual offense so enhances the reliability as to outweigh the prejudice.

*Id.,* 447 Pa. at 36, 288 A.2d at 780. If counsel were to make a motion to suppress evidence that was legally admissible at trial, the motion for suppression would be groundless. Thus, counsel's failure to file the motion did not deny appellant effective assistance of trial counsel. *Silvis, supra* 307 Pa.Super. at 77, 452 A.2d at 1046.

Appellant next argues that trial counsel failed to object to the suggestiveness of the bank teller's pre-trial identification of appellant and to the teller's in-court identification. Appellant claims the in-court identification was without a basis sufficiently independent of the suggestive pre-trial identification. We disagree.

In *Commonwealth v. Johnson,* 291 Pa.Super. 566, 436 A.2d 645 (1981), this court stated that in the absence of some element of unfairness, a prompt on-the-spot identification of a suspect by an eyewitness (or victim) is not impermissibly suggestive. *Johnson, supra,* 291 Pa.Superior Ct. at 579, 436 A.2d at 652, *citing Turner, supra.*

The bank teller's (victim-witness) prompt in-custody on-the-scene identification of appellant took place within ten to fifteen minutes after the robbery. There is no indication the police informed the teller that appellant was the robber. Appellant was simply brought into the bank and identified by the teller. Under these circumstances, the in-custody on-the-scene identification was not unduly suggestive. Furthermore, even if we were to find the pre-trial identification

to be unduly suggestive, there was sufficient independent basis for the teller's in-court identification given the fact she stood face-to-face with appellant during the robbery.

In light of the facts as stated above, we find that trial counsel had no basis upon which to object to the suggestiveness of the pre-trial identification or to the admission of identification testimony. Accordingly, we find no merit to appellant's claim of ineffectiveness on the identification grounds.

Appellant's next claim of ineffectiveness maintains trial counsel failed to object to improper and prejudicial remarks made by the prosecutor during his closing argument.

Because appellant does not comment any further in support of his claim, we decline further consideration of the claim. *Pettus, supra* 492 Pa. at 563, 424 A.2d at 1335.

██ Finally, appellant claims trial counsel was ineffective in permitting appellant to plead guilty to the robbery of the South Pittsburgh Savings and Loan without litigating the admissibility of appellant's confession and the identification evidence.

Our review of the guilty plea colloquy (N.T. May 10, 1983, at 61–67) indicates appellant fully understood the proceedings and did not claim at any time that the plea was not of his own volition. Appellant further stated he was satisfied with the representation afforded by trial counsel, and did not challenge the statement of evidence given by the Commonwealth prior to the court's acceptance of appellant's plea. Furthermore, the Commonwealth was ready to present the bank teller as a witness who would testify that appellant committed the robbery, and a police officer as a witness who would testify that appellant confessed to the robbery. In light of the evidence there was a reasonable basis for counsel to allow appellant to plead guilty, namely, avoiding a potentially more severe sentence. See *Commonwealth v. LaSane,* 479 Pa. 629, 389 A.2d 48 (1978); *Commonwealth v. Cofield,* 310 Pa.Super. 356, 456 A.2d 650 (1983). We find no ineffectiveness.

From all the foregoing, we affirm judgment of sentence.