J-S69031-17

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| EDWARD CLYDE SILVIS | : | |
| | : | No. 658 WDA 2017 |
| Appellant | | |

Appeal from the Order March 28, 2017
In the Court of Common Pleas of Forest County
Criminal Division at No(s): No. 5 and 5A 1969

BEFORE: BOWES, J., RANSOM, J., and STEVENS*, P.J.E.

MEMORANDUM BY STEVENS, P.J.E.: FILED NOVEMBER 20, 2017

Appellant Edward Clyde Silvis files this pro se appeal from the order of the Court of Common Pleas of Forest County, dismissing Appellant's petition for writ of coram nobis. Appellant's filing is actually another untimely attempt to seek collateral relief under the Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541–9546. Accordingly, we affirm on different grounds than set forth below.

Appellant is an inmate serving a sentence of life imprisonment at the State Correctional Institution (SCI) at Rockview. Appellant's underlying sentence dates back several decades when Appellant was charged in Forest County for the April 12, 1969 murder of Ms. Alice Neal Siggins. After a pretrial motion for change of venue was granted, the case was transferred to Armstrong County. In 1970, a jury convicted Appellant of first-degree murder. Appellant was sentenced to life imprisonment without the possibility

_____

* Former Justice specially assigned to the Superior Court.

of parole. In December 1971, the Supreme Court of Pennsylvania affirmed the judgment of sentence. See Commonwealth v. Silvis, 284 A.2d 740 (Pa. 1971). Appellant filed three unsuccessful PCRA petitions, the third of which is discussed in this Court's published opinion in Commonwealth v. Silvis, 452 A.2d 1045 (Pa.Super. 1982).

On November 12, 2015, Appellant filed a pro se document which he styled as a petition for writ of habeas corpus in the Court of Common Pleas of Forest County. On January 13, 2016, the Court of Common Pleas of Forest County transferred the petition to the Court of Common Pleas of Armstrong County where Appellant had been tried and sentenced for murder.[1] The Court of Common Pleas of Armstrong County dismissed the petition for lack of jurisdiction, asserting that Appellant was required to file a petition for writ of mandamus in the Commonwealth Court.

After Appellant filed a direct appeal, a panel of this Court characterized Appellant's habeas petition as an untimely PCRA petition and affirmed the dismissal of the petition. See Commonwealth v. Silvis, 525 WDA 2016 (Pa.Super. March 14, 2016) (unpublished memorandum). See 42 Pa.C.S.A. § 9545 (providing that a petition for relief under the PCRA must be filed within one year of the date the PCRA petitioner's judgment of sentence becomes final unless the petitioner alleges and proves that an exception to the one-year

_____

[1] The January 13, 2016 order, which had mistakenly identified Appellant as Richard Clyde Silvis, was corrected in a new order filed on January 20, 2016.

time-bar is met).  Appellant did not appeal this Court's characterization of his filing as an untimely PCRA petition.

On January 30, 2017, Appellant filed the instant pro se petition, labeled "Writ of Error Coram Nobis," in the Court of Common Pleas of Forest County, attempting to challenge the lower court's decision to transfer Appellant's purported habeas petition to Armstrong County.  Specifically, Appellant accused the Forest County clerk of courts of committing fraud and an abuse of power in transferring Appellant's previous petition to Armstrong County. The lower court in this case denied Appellant's petition, which it characterized as a motion for reconsideration of its decision to transfer Appellant's previously-filed petition to Armstrong County.  This appeal followed.

Before we reach the merits of Appellant's claims, we must discuss the procedural posture of the case.  Although Appellant labeled the instant filing in the lower court as a petition for writ of coram nobis,[2] Appellant's claims centered on alleged procedural errors committed by the lower court in his previously filed "habeas" petition, which this Court deemed to be an untimely PCRA petition.  While Appellant filed the instant action in an attempt to seek an additional round of collateral review of his previous petition, he fails to

_____

[2] A writ of coram nobis "is generally available to challenge the validity of a judgment based on facts not before the court when the judgment was entered." Commonwealth v. Descardes, 635 Pa. 395, 413, 136 A.3d 493, 504 (2016) (quoting Commonwealth v. Sheehan, 446 Pa. 35, 285 A.2d 465, 467 (1971)).  Appellant does not set forth any allegations to suggest there were extrinsic facts that were unknown and unknowable, and if known, would have altered the result.

acknowledge that he did not object to the allegedly improper transfer of his case at any point during the pendency of that petition. As a result, Appellant's argument is waived for his failure to raise this claim in the collateral review of his prior PCRA petition. See Commonwealth v. Blakeney, 631 Pa. 1, 37, 108 A.3d 739, 761 (2014) (citing 42 Pa.C.S.A. § 9544(b)) ("The PCRA specifically provides that an issue has been waived if it could have been raised but was not raised before trial, at trial, on appeal or in a prior state post-conviction proceeding").

Even assuming that Appellant's claims in instant case were not waived, Appellant's petition for writ of coram nobis filed in this case should have been treated as another PCRA petition. Our courts have emphasized that "[t]he PCRA ... subsumes the remedies of habeas corpus and coram nobis." Commonwealth v. Turner, 622 Pa. 318, 345, 80 A.3d 754, 770 (2013) (quoting 42 Pa.C.S.A. § 9542 ("The action established in this subchapter shall be the sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for the same purpose that exist when this subchapter takes effect, including habeas corpus and coram nobis")). Issues that are cognizable under the PCRA must be raised in a timely PCRA petition. Commonwealth v. Taylor, 65 A.3d 462, 466 (Pa.Super. 2013).

While the lower court characterized Appellant's petition for writ of coram nobis as a frivolous motion for reconsideration of its dismissal of Appellant's previous petition, the lower court should have construed the instant filing as another untimely PCRA petition, which it lacked jurisdiction to review. It is

- 4 -

well-established that "the PCRA's timeliness requirements are jurisdictional in nature and must be strictly construed; courts may not address the merits of the issues raised in a petition if it is not timely filed." Commonwealth v. Leggett, 16 A.3d 1144, 1145 (Pa.Super. 2011) (citations omitted).

Generally, a PCRA petition must be filed within one year of the date the judgment of sentence becomes final unless the petitioner meets his burden to plead and prove one of the exceptions enumerated in 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii), which include: (1) the petitioner's inability to raise a claim as a result of governmental interference; (2) the discovery of previously unknown facts or evidence that would have supported a claim; or (3) a newly-recognized constitutional right. 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). A judgment of sentence becomes final at the conclusion of direct review or the expiration of the time for seeking the review. 42 Pa.C.S.A. § 9543(b)(3).

In this case, as our Supreme Court affirmed the judgment of sentence on direct appeal on December 20, 1971, the judgment of sentence became final three months later on March 19, 1972, after the expiration of the ninety-day period in which Appellant was allowed to seek review in the U.S. Supreme Court. See U.S. Sup.Ct. R. 13(1). Thus, this petition, filed on January 30, 2017, is facially untimely.[3]

_____

[3] In 1995, our Legislature amended the PCRA, adding the timeliness provisions of section 9545(b). The 1995 amendments provided a grace period for petitioners whose judgments of sentence became final on or before the January 16, 1996 effective date of the amendments. However, the grace

Moreover, none of the timeliness exceptions set forth in section 9545(b)(i-iii) are applicable. While the lower court should have treated Appellant's filing as an untimely PCRA petition and issued pre-dismissal notice in accordance with Pa.R.Crim.P. 907, this fact does not warrant reversal. See Commonwealth v. Taylor, 65 A.3d 462, 468 (Pa.Super. 2013) (holding that even if a notice of intent was not issued and the issue is raised on appeal, it does not automatically warrant reversal where the petition is untimely). This discrepancy does not prejudice Appellant as there are no facts that he would be able to plead to invoke one of the timeliness exceptions to save this patently untimely PCRA petition. Even assuming for the sake of argument that there was any merit to Appellant's suggestion that the trial court or clerk of courts improperly transferred his previously filed petition to Armstrong County, Appellant does not acknowledge and has never challenged this Court's ruling that the underlying petition was also an untimely PCRA petition.

Since the court below was without jurisdiction to reach the merits of the petition, we affirm.

Order affirmed.

_____

period applies only to first petitions filed by January 16, 1997. See Commonwealth v. Thomas, 718 A.2d 326, 329–30 (Pa.Super. 1998) (en banc). As Appellant's current petition was his fifth attempt at post-conviction relief and was filed more than one year after his judgment of sentence became final, this exception does not apply.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date:  11/20/2017